LATHAM & WATKINS LLP
Colleen C. Smith (Bar No. 231216)
    colleen.smith@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Telephone:  +1.858.523.5400

Daniel R. Gherardi (Bar No. 317771)
    daniel.gherardi@lw.com
801 Jefferson Avenue, Suite 300
Redwood City, CA 94063
Telephone: +1.650.328.4600

*Attorneys for Defendants Enphase Energy, Inc.,
Badrinarayanan Kothandaraman, and Mandy Yang*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| GAURAV TRIPATHI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENPHASE ENERGY, INC., BADRINARAYANAN KOTHANDARAMAN, and MANDY YANG,<br><br>Defendants. | Case No. 4:26-cv-01380-JST<br><br>**DEFENDANTS' SUR-REPLY TO MOTION OF MOVANT HEATHER STITH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**<br><br>Judge: Jon S. Tigar<br>Hearing: July 9, 2026<br>Time: 02:00 PM<br>Courtroom: 6 – 2nd Floor (Oakland) |

Defendants Enphase Energy, Inc., Badrinarayanan Kothandaraman, and Mandy Yang ("Defendants") respectfully submit this Sur-Reply, pursuant to the Court's invitation, to address the Declaration of Heather Stith (Dkt. No. 22-1, the "Stith Reply Declaration"), filed for the first time with the Reply Memorandum of Law of Heather Stith in Further Support of her Lead Plaintiff Motion, Dkt. No. 22.

The Stith Reply Declaration does nothing to ameliorate the issues raised in Defendants' response to her original motion. *See* Dkt. No. 20 (the "Response"). As Defendants explained in their Response, the original named plaintiff abandoned this action, and the sole lead plaintiff movant—Heather Stith—claims a *de minimis* loss of approximately $58 from the purchase of just sixteen shares. In connection with seeking to be appointed lead plaintiff based on that minimal alleged loss, Stith filed a generic, form, attorney-prepared PSLRA certification devoid of any indicia of personal engagement. *See* Dkt. No. 14-2. Stith's Reply Declaration similarly reads like an attorney-prepared form and makes only passing and vague statements about the deficiencies Defendants highlighted. At most, it says that Stith will have contact with her attorneys when her attorneys deem it necessary and offers no explanation for why Stith (rather than her lawyers) would have any incentive to drive this litigation based on the prospect of obtaining a maximum recovery of $58. The Court should exercise its inherent power to reject Stith's late-breaking and insufficient attempt to justify her appointment as a lead plaintiff in this action.

The Stith Reply Declaration also does not demonstrate why or how Stith would direct this litigation, providing no more than generic and conclusory remarks related to her involvement. As an initial matter, Stith fails to explain why any of the information in the Stith Reply Declaration was not included in connection with her original motion to be appointed lead plaintiff, nor why she believed it was appropriate or sufficient to file an indisputably generic form that referred to herself as "he/she/it." A lead plaintiff movant bears the burden of making a prima facie showing of adequacy and typicality in the first instance. *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021); *McCormack v. Dingdong (Cayman) Ltd.*, 2022 WL 17336586, at *5 (S.D.N.Y. Nov. 30, 2022) (faulting movant for submitting "only a pro forma certification that includes no details about his background, years of investing experience, or other indicia of sophistication"). The fact that Stith

only filed a declaration that purports to refer specifically to herself and this case *after* Defendants raised the deficiencies in her filings underscores her inadequacy to serve as a lead plaintiff in this action.

In any event, the Stith Reply Declaration fails to support Stith's petition to be appointed lead plaintiff for several reasons. *First*, Stith states that she is "willing to serve as a representative party," will "hold[] meetings as needed with [her] attorneys" to "receive updates" and "provide input," is committed to "seek[ing] justice," and believes "access to the courts should not be reserved only for the wealthy." Stith Reply Decl. ¶¶ 3-7. But none of these vague statements says anything concrete about Stith's actual engagement with or control over this case. Attending meetings with counsel and receiving updates when they decide to share them describes precisely the passive, "figurehead" posture the PSLRA was designed to guard against—not a plaintiff who will meaningfully direct counsel. *See Mersho*, 6 F.4th at 898 (PSLRA was drafted to respond to the concern that attorneys were "running the litigation on behalf of 'figurehead' plaintiffs who were unlikely to monitor their attorneys' activities"); *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997) ("Congress hoped that the lead plaintiff would seek the lawyers, rather than having the lawyers seek the lead plaintiff."). Indeed, a lead plaintiff applicant must first be assessed by the district court to "determine whether that movant has made a prima facie showing of adequacy." *Mersho*, 6 F.4th at 899. Stith has not made this showing through her belated Stith Reply Declaration.

*Second*, Stith's dramatized statement that "access to the courts should not be reserved only for the wealthy" is irrelevant and misses the point. Stith Reply Decl. ¶ 4. Stith's $58 loss says *nothing* about her overall assets, and Defendants made no claims about Stith's wealth or Stith's claim that litigation should not only be reserved for the wealthy. Stith's claim ignores that it is the *de minimis* size of Stith's claimed loss (separate from her "wealth") that raises concerns about her petition to be lead plaintiff. The PSLRA imposed standards for lead plaintiff applications, including the presumption that the movant with the largest alleged loss would be named the lead plaintiff, precisely to "discourage opportunistic lawsuits by shareholders with a tiny position in the security." *In re Cavanaugh*, 306 F.3d 726, 738 (9th Cir. 2002); *see also McCormack*, 2022 WL

17336586, at *5 (explaining "it is well settled that the Court is obligated to evaluate the requirements of the PSLRA, even [if a movant's lead plaintiff] motion is unopposed" and explaining that courts "have denied uncontested lead plaintiff motions where the movant does not satisfy the adequacy requirement of Rule 23(a)" (alteration in original)).  And courts routinely recognize that the reason for that standard is because shareholders without meaningful alleged losses would not have any incentive to monitor counsel and control the litigation on behalf of a putative class.  *Bosch v. Credit Suisse Grp. AG*, 2022 WL 4285377, at *5 (E.D.N.Y. Sept. 12, 2022) (lead plaintiff "must have a substantial stake in the litigation to ensure it has the ability and incentive to control counsel"); *Guo v. Tyson Foods, Inc.*, 2022 WL 5041798, at *6 (E.D.N.Y. Sept. 30, 2022) (explaining loss of $323.20 "is unlikely to provide the kind of incentive for close supervision of counsel that the PSLRA contemplates" and the alleged loss has "failed to persuade this Court that they have sufficient interest in the litigation to 'vigorously' pursue the class claims and adequately represent the interests of the class members"); *Peters v. JinkoSolar Holding Co., Ltd.*, 2012 WL 946875, at *4 (S.D.N.Y. Mar. 19, 2012) (PSLRA designed to "ensure that 'parties with significant holdings in issuers'" would "exercise control over the selection and actions of plaintiffs' counsel").  The size of someone's loss—not their net worth—bears on whether they have the incentive Congress mandated.  The Stith Reply Declaration offers no rebuttal to this principle.

This case represents precisely what the PSLRA was designed to prevent.  The original plaintiff abandoned the case.  A new law firm identified a lead-plaintiff movant who claimed—through a generic, form filing—a mere $58 loss.  That movant offered a still-too-vague declaration only in response to Defendants highlighting that she had not meaningfully participated in the very filing in which she asked the Court to appoint her to lead this litigation.  The belated Stith Reply Declaration does not cure the deficiencies identified in Defendants' Response.  Stith's Motion to Appoint Lead Plaintiff and Lead Counsel should be denied.

Dated:  June 25, 2026

LATHAM & WATKINS LLP

/s/ *Daniel R. Gherardi*
Daniel R. Gherardi
   *daniel.gherardi@lw.com*
801 Jefferson Avenue, Suite 300
Redwood City, CA 94063
Telephone: +1.650.328.4600

Colleen C. Smith (Bar No. 231216)
   *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
Telephone:  +1.858.523.5400

*Attorneys for Defendants Enphase Energy, Inc., Badrinarayanan Kothandaraman, and Mandy Yang*